*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEON JAHAAD GAULT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. RIGOLI, et al.,<br><br>　　　　Defendants. | Civ. No. 23-22946 (RMB-MJS)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

　　1.　On or about December 7, 2023, Plaintiff Keon Jahaad Gault, a pretrial detainee confined in Cumberland County Jail in Bridgeton, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.)

　　2.　Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (Dkt. Nos. 1-1 and 1-2.) Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the $350 filing fee and will be granted.

　　3.　Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the complaint are Sgt. R. Rigoli, Officer R. Hasenpat, Cumberland County Department of Corrections, and John Doe Officers 1-10. (Compl., Dkt. No. 1, ¶ 4(b-d)). The Court construes the § 1983 claims against Cumberland County Department of Corrections as *Monell* claims against Cumberland County. *See, e.g.*, *Ortiz v. Cumberland Cnty. Freeholders*, Civ. No. 21-19953(RMB-SAK), 2022 WL 861864, at *2 (D.N.J. Mar. 23, 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("A county may be liable under Section 1983 for failing to train its employees, resulting in a constitutional injury to the plaintiff."))

6. Plaintiff alleges that on October 12, 2023, three housing units at Cumberland County Jail were merged into the D-pod, due to understaffing. Sergeant Rigoli was in charge of the merger. The unit, when full, housed 52 detainees. On October 17,

2023, there were approximately 42 detainees in the D-pod, including Plaintiff. When another detainee, John Devault, threatened to break the phones in the D-pod, Plaintiff confronted him, and Devault attacked Plaintiff.

7. Officer R. Hasenpat was the housing officer on the scene when Devault attacked Plaintiff, and he delayed calling a code to bring other officers into the unit. Officer Hasenpat called for the inmates to lock into their respective cells, but he could not control the unit. When Officer Hasenpat finally called a code for help, Plaintiff was "severely injured as [he] was pushed away from the assault."

8. Sergeant Rigoli and other officers responded to the code. The jail was understaffed. None of the officers were able to de-escalate the situation, and the detainees were becoming rowdy. Sergeant Rigoli entered the D-pod "barking out commands" and directed Plaintiff to face the wall and remain still. Simultaneously, another officer was handcuffing John Devault, but he broke away and attacked Plaintiff. No officers shielded Plaintiff before Devault snuck up on him and struck him in the head and face several times. Devault was arrested, and Plaintiff was taken to the hospital where he required ten stitches and suffered a black eye. Plaintiff now suffers chronic headaches. 11. Liberally, construing the complaint, Plaintiff also alleges that understaffing in the D-pod caused his injury. Plaintiff asserts Fourteenth Amendment due process claims against the defendants for failure to protect him from assault by another detainee and failure to intervene in the assault.

9. "'To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated

under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 375 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (*Bistrian abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020)). To establish deliberate indifference, the plaintiff must allege facts suggesting that "the prison official-defendant [] actually [] kn[ew] or [was] aware of the excessive risk to inmate safety." *Id.* (quoting *Beers–Capitol v. Whetzel*, 256 F.3d 120, 25 (2001)). A plaintiff may establish deliberate indifference through circumstantial evidence. *Id.* On the other hand, "[p]rison officials may escape liability for deliberate indifference" if they show "'for example, … that they … actually knew of a substantial risk to inmate health or safety" but "they responded reasonably to the risk, even if the harm ultimately was not averted." *Bistrian v. Levi*, 696 F.3d 352, 367–68 (3d Cir. 2012).

10. Plaintiff has not alleged facts that suggest Officer Hasenput displayed deliberate indifference to Plaintiff's safety when he attempted to control the D-pod by ordering the inmates to lock into their respective cells before calling for additional officers to assist him. The Court will dismiss the failure to protect claim against Officer Hasenpat without prejudice. If Plaintiff can allege additional facts that establish Officer Hasenpat's decision not to call for immediate assistance was unreasonable under the circumstances that existed, he may bring this claim in an amended complaint.

11. Plaintiff has not alleged any facts suggesting that Sergeant Rigoli, who responded to the call for help in the D-pod and attempted to restore order by calling out commands to the inmates, was deliberately indifferent to Plaintiff's safety. There are no facts in the complaint suggesting Sergeant Rigoli knew, or that it should have been obvious, that John Devault would break away from the officer who was handcuffing him and assault Plaintiff before he could be restrained. The Court will dismiss this failure to protect claim without prejudice.

12. Plaintiff alleges that none of the defendants shielded him when John Devault broke away from being handcuffed and assaulted him. To establish a failure to intervene claim for "inmate on inmate attacks," a plaintiff must allege facts showing "the officer had 'a realistic and reasonable opportunity to intervene' and 'simply refused to do so.'" *Bistrian*, 696 F.3d at 371 (quoting *Smith v. Mensinger*, 293 F.3d 641, 650–51 (3d Cir. 2002)). The facts alleged in the complaint are insufficient to suggest the defendant officers were in a position to react quickly enough to intervene when Devault unexpectedly broke away and snuck up on Plaintiff to assault him. The Court will dismiss the failure to intervene claims against the defendants officers without prejudice.

13. Liberally construing the complaint, Plaintiff alleges *Monell* claims against Cumberland County based on the lack of a de-escalation policy at Cumberland County Jail, failure to train officers in de-escalation of inmate fights, and that a custom of understaffing caused the failure to protect Plaintiff's safety.

5

14. Plaintiff's Fourteenth Amendment failure to protect claim against Cumberland County for understaffing will be dismissed without prejudice for failing to allege any facts suggesting that the County was deliberately indifferent to the likelihood that the alleged understaffing at Cumberland County Jail would result in the failure to protect inmates from inmate violence. *See, e.g., Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2010) (holding "[t]he theory that understaffing may have also caused [the plaintiff's] death … is too remote to support a verdict against the Sheriff.")

15. Plaintiff alleges there is no policy in Cumberland County Jail for how staff should respond to conflicts between detainees. The de facto policy is to "wing it." More specifically, Plaintiff alleges the jail lacked a "response team," and if a response team policy had been in effect, he would not have been injured. However, Plaintiff also alleges the defendant Corrections Officers delayed calling a code for more officers to respond. This implies Cumberland County Jail had a response team, but the team was not called immediately. Plaintiff has not alleged facts sufficient to state a claim that the County knew the response team policy was somehow deficient, and the deficiency in the policy itself caused Plaintiff's constitutional injury. The Court will dismiss the *Monell* policy claim against Cumberland County without prejudice.

16. Plaintiff also asserts a failure to train claim against Cumberland County, suggesting there was no officer training on conflict de-escalation at Cumberland County Jail. It is not clear from the complaint how Plaintiff became aware of the failure to train Cumberland County Jail officers on de-escalation. If Plaintiff does not

6

have evidentiary support for this claim, Federal Rule of Civil Procedure 11(b)(3), upon threat of sanctions, requires him to "specifically identify" that his factual contentions "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The Court will dismiss Plaintiff's failure to train claim against Cumberland County without prejudice for Plaintiff to plead additional facts concerning his knowledge of Cumberland County Jail's training program and implementation.

17. In conclusion, this Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: **September 24, 2024**

<u>Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge
